No. 3109.—SUCCESSION OF CYPRIEN H. LABRANCHE.    Contest involving the Validity of a Will.

The parish court has exclusive original jurisdiction in the matter of receiving proof of last wills and testaments. Therefore, if the validity of a will be attacked on the ground of mental unsoundness of the testator at the time it purports to have been made, the parish court has exclusive jurisdiction to try the issue.

APPEAL from the Parish Court, parish of St. Charles.    *O. J. Flagg,* Parish Judge.    *J. D. Augustine* and *J. Michel,* for appellants.    *C. T. Bemis,* for appellee.

TALIAFERRO, J.    A question of jurisdiction is presented in this case. The appellants, claiming the succession of the decedent as collateral

heirs, presented a petition to the parish court for an inventory, which was made in conformity with the order rendered.

A day or two afterwards an instrument purporting to be an olographic will, was presented with a petition to the court for its opening and probate. The will was proved and ordered to be recorded and executed. The appellants filed an opposition to the probate of the will, alleging themselves to be the legal heirs of C. H. Labranche, averring the will presented to have been obtained by collusive and indirect means; that the deceased, at the time the will purports to be dated, was, by means of mental incapacity, unable to make a will; that it contains a *fidei commissum* reprobated by law, and for that reason is null and void.

Subsequently the defendant, who, claiming as universal legatee under the will, filed an exception to the jurisdiction of the court so far as it relates to the question of mental alienation. The exception was sustained, and the suit in relation to the contest about the will dismissed. The opponents have appealed.

We think the court erred. The suit is not brought for or against the succession. It is not a money demand, nor is it brought for a specific thing. The controversy involves only the validity of the will. Courts of probate, having exclusive original jurisdiction over the matter of receiving proof of last wills and testaments and ordering their execution, have jurisdiction to examine into their validity and to declare them void, or to refuse an order for their execution. C. P. 924; 5 La. 395; 17 La. 4; 10 Rob. 193.

It is therefore ordered, adjudged and decreed that the judgment of the parish court dismissing the opposition of the appellants, be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance to be proceeded with according to law, the appellees paying costs of this appeal.

Rehearing refused.